IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| LEONARD SMALL | : | NO. 14-4690 |

MEMORANDUM

Dalzell, J.                                                                                                       May 19, 2015

## I.    Introduction

We consider here defendant and counter-claimant Leonard Small's amended counterclaim for interpleader pursuant to Fed. R. C. P. 22(a)(2) and the federal interpleader statute, 28 U.S.C. § 1335.

On October 5, 2012, a fire started in the kitchen of Leonard Small's condominium, damaging other units in the building. The affected neighbors and residents filed claims with their insurance companies, and, after those companies paid their insureds' claims, they became legally and equitably subrogated -- to the extent of their payments -- to their insureds' right to recovery.

After the filing of three separate lawsuits in this Court with respect to this incident -- which we consolidated into this case -- and representations that other lawsuits were pending in the Montgomery County Court of Common Pleas or would soon be filed elsewhere, we ordered Small to file a counterclaim for interpleader. He did, and, on December 23, 2014, his insurance company, Liberty Mutual Fire Insurance Company, paid $300,000.00 into the Registry of the Court as the interpleader res for equitable distribution. All but two of the insurance companies have responded to Small's amended interpleader counterclaim.

As explained below, we (1) hold that the jurisdictional requirements for interpleader have been met, (2) enjoin pending and future proceedings in other courts pertaining to the interpleader res, (3) enter default judgment against the non-responding insurance companies, (4) dismiss Liberty Mutual Insurance from the case as a disinterested stakeholder, and (5) order the responding insurance companies to file motions for summary judgment to determine the equitable distribution of the interpleader res.

## II.   Standard of Review

Interpleader allows a party holding property -- called the "stakeholder" -- to join in a single suit two or more parties asserting mutually exclusive claims to that property. 28 U.S.C. § 1335; NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d 371, 373 n.1 (3d Cir. 1995). Actions in the nature of interpleader may be brought in the judicial district in which one or more of the claimants reside. 28 U.S.C. § 1397. Interpleader protects the stakeholder from the hazards of navigating competing claims and having multiple liability claims from several claimants while giving the ultimately prevailing party ready access to the disputed funds. NYLife Distrib., Inc., 72 F.3d at 374. Courts presiding over an action in the nature of interpleader may restrain claimants from prosecuting proceedings affecting the property involved in the interpleader action. 28 U.S.C. § 2361. The district court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." Id.

Interpleader permits the Court to determine the claimants' relative priorities, whether equitable principles require the Court to alter that priority, and ultimately to make an equitable distribution of the interpleader res. Domus, Inc. v. Davis-Giovinazzo Constr. Co., Inc., 2011 WL 3666485, *6-7 (E.D. Pa. Aug. 22, 2011) (O'Neill, J.).  Actions under the federal interpleader

statute tend to proceed in two stages. First, the Court determines whether the statute's requirements have been met and whether the stakeholder may be relieved from liability. NYLife Distrib., Inc., 72 F.3d at 375. Second, the Court adjudicates the adverse claims to the interpleaded res. Id.

### III.    Factual Background

We recite the facts as they appear in Small's amended interpleader counterclaim and the answering insurance companies' responses thereto.

On October 5, 2012, a fire started in defendant and counter-claimant Small's condominium damaging a number of the surrounding units in the building located at 1600 Church Road in Wyncote, Pennsylvania. Am. Interpleader Countercl. at ¶¶ 2, 4. At the time of the fire, Small had an insurance policy with Liberty Mutual Fire Insurance Company ("Liberty Mutual"), the other counter-claimant in this action. Id. at ¶¶ 2, 3, 50-51. Small's policy -- identified as Policy Number H62-281-332467-402 -- provided $300,000.00 in liability coverage for claims arising from any single occurrence. Id. at ¶¶ 50-51. Liberty Mutual has deposited the proceeds of the insurance policy -- $300,000.00 -- into the Registry of the Court as the res for this interpleader action.

As described below, Small's neighbors filed claims with their insurance companies for fire-related property damage, and those companies paid their insureds' claims. Many of those insurance companies then filed suit in federal or state court to recover proceeds, as their insureds' subrogees, from Small's insurance policy.

Plaintiff and counterclaim defendant Allstate Insurance Company ("Allstate") -- an Illinois corporation -- insured eight residents' properties and paid those claims for fire-related property damage. Id. at ¶¶ 6-7. Allstate filed a complaint as its insureds' subrogee in this Court,

captioned Allstate Insurance Company v. Small, C.A. No. 13-5806, which we consolidated into this related case. Id. at ¶ 8. Allstate's total claim on the res is $154,390.46. Allstate Answer at unnumbered page 9 (Affirmative Claim 2). Allstate demands that its equitable share of the res be considered only partial satisfaction of its claims and that it not be restricted from pursuing the balance of its recovery against Small. Id.

Plaintiff and counterclaim defendant Hartford Underwriters Insurance Company ("Hartford Underwriters") -- a Connecticut corporation -- insured three residents' properties and paid those claims for fire-related property damage. Am. Interpleader Countercl. at ¶¶ 9-10. Hartford Insurance Company of the Midwest ("Hartford Midwest") -- an Indiana corporation with its principal place of business in Hartford, Connecticut -- insured two residents' properties and paid those claims for fire-related property damage. Id. at ¶¶ 12-13. Hartford Underwriters and Hartford Midwest, as their insureds' subrogees, filed suit in this Court, captioned Hartford Underwriters Insurance Company et al. v. Small, C.A. No. 14-5243, which we consolidated into this related case. Id. at ¶¶ 11, 14. Hartford Midwest's total claim on the res is $116,789.66. Hartford Answer at page 8 (Affirmative Claim 5). Hartford Underwriters' total claim on the res is $27,887.69. Id. (Affirmative Claim 6).

Plaintiffs and counterclaim defendants The Travelers Home and Marine Insurance Company, The Phoenix Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, and Farmington Casualty Company (collectively "Travelers") -- all Connecticut corporations -- insured nine residents' properties in the building and paid those claims for fire-related property damage. Am. Interpleader Countercl. at ¶¶ 15-16. Travelers filed a complaint as subrogees of their insureds in this Court, captioned as this case, into which we consolidated the

other related cases. Id. at ¶ 17. Travelers' collective total of claims filed against the res is $390,724.60. Travelers Answer at unnumbered page 8 (Affirmative Claims 1-2).

Counterclaim defendant Erie Insurance Exchange ("Erie") is a reciprocal insurance exchange with an office in Erie, Pennsylvania. Am. Interpleader Countercl. at ¶ 18. Erie insured seven residents' properties and paid those claims for fire-related property damage. Id. at ¶ 19. Erie filed a complaint as its insureds' subrogee in the Montgomery County Court of Common Pleas, captioned Erie Insurance Exchange v. Small, No. 2014-17672. Id. at ¶ 20. Erie's total claim on the res is $260,319.32. Erie Answer at unnumbered pages 7, 9 (Affirmative Claims 1, 10).

Counterclaim defendant State Farm Fire & Casualty Company ("State Farm") -- an insurance carrier that here claims its principal place of business to be in Concordville, Pennsylvania -- insured ten residents' properties and paid those claims for fire-related property damage. Am. Interpleader Countercl. at ¶¶ 21-22. State Farm filed a complaint as its insureds' subrogee in the Montgomery County Court of Common Pleas, captioned State Farm Fire & Casualty Company v. Small, No. 2014-27272. Id. at ¶ 23. State Farm's total claim on the res is $441,270.14. State Farm Answer at unnumbered pages 8-9 (Affirmative Claims 1-2).

Counterclaim defendant CSAA Affinity Insurance Company ("CSAA") -- a Pennsylvania corporation with its principal place of business in Walnut Creek, California -- insured three residents' properties and paid those claims for fire-related property damage. Am. Interpleader Countercl. at ¶¶ 24-25. CSAA filed a writ of summons as its insureds' subrogee in the Montgomery County Court of Common Pleas, captioned CSAA Affinity Insurance Company v. Small, No. 2014-23513. Id. at ¶ 26. CSAA's total claim on the res is $118,620.89. CSAA Answer at unnumbered page 8 (Affirmative Claims 1-2).

Counterclaim defendant Amica Mutual Insurance Company ("Amica") -- a Rhode Island corporation -- insured one resident's property and paid its insured's claim for fire-related property damage. Am. Interpleader Countercl. at ¶¶ 27-28. Amica filed a writ of summons as its insured's subrogee in the Montgomery County Court of Common Pleas, captioned <u>Amica Mutual Insurance Company v. Small</u>, No. 2014-26798. <u>Id.</u> at ¶ 29. Amica's total claim on the <u>res</u> is $31,353.07. Amica Answer at page 9 (Affirmative Claims 1-2).

Counterclaim defendant Nationwide Property and Casualty ("Nationwide") -- an Ohio corporation -- insured one resident's property, paid its insured's fire-related property damage claim, and filed a writ of summons as its insured's subrogee in the Montgomery County Court of Common Pleas, captioned <u>Nationwide Property and Casualty v. Small</u>, No. 2014-26223. Am. Interpleader Countercl. at ¶¶ 30-32. Nationwide's total claim on the <u>res</u> is $111,004.86. Nationwide Answer at unnumbered pages 6-7 (Affirmative Claims 1-2).

Counterclaim defendant United Services Automobile Association ("USAA") -- a Texas corporation -- insured one resident's property, paid its insured's fire-related property damage claim, and has not yet instituted legal proceedings against Small in any court. Am. Interpleader Countercl. at ¶¶ 36-38. USAA's total claim on the <u>res</u> is $11,757.12. USAA Answer at unnumbered pages 2-3 (Affirmative Claims 1, 4).

Counterclaim defendant Metropolitan Life Insurance Company ("Metropolitan Life") -- a New York corporation -- insured one resident's property, paid its insured's fire-related property damage claim, and has not yet instituted legal proceedings against Small in any court. Am. Interpleader Countercl. at ¶¶ 33-35. Metropolitan Life did not file an answer to Small's amended interpleader counterclaim, and after Small filed a request for entry of default with the Clerk of

Court, the Clerk entered default against Metropolitan Life on May 5, 2015. See Entry of Default against Metropolitan Life Insurance Company.

Counterclaim defendant Safeco Insurance Company of America ("Safeco") -- a Washington corporation -- insured two residents' properties in the building, paid those fire-related property damage claims, and has not yet filed suit against Small in any court. Am. Interpleader Countercl. at ¶¶ 39-41. Safeco did not file an answer to Small's amended interpleader counterclaim, and, after Small filed a request for entry of default with the Clerk of Court, the Clerk entered default against Safeco on May 5, 2015. See Entry of Default against Safeco Insurance Company of America.

**IV.    Discussion**

Liberty Mutual intends to continue to defend Small until the resolution of all claims arising from the October 5, 2012 fire, but it is merely Small's insurer and (obviously) played no role in the underlying incident. Am. Interpleader Countercl. at ¶¶ 60, 62. Liberty Mutual, in the amended interpleader counterclaim, asks that we (1) enjoin the insurers from commencing any suit or continuing to prosecute any action against Small and Liberty Mutual to claim the proceeds of the policy, (2) enter a judgment requiring the insurance companies to interplead and settle among themselves their rights to the portions of the policy, and (3) release Liberty Mutual from all liability, indemnity, and contribution to any and all parties for claims arising from the October 5, 2012 fire upon deposit of the $300,000.00 policy proceeds with the Registry of the Court. Id. at ¶ 65. The responding insurance companies have stated affirmative claims for their equitable shares of the res, and, in Allstate's case, costs and attorney's fees.

### A. **Jurisdiction For Interpleader**

The federal interpleader statute, 28 U.S.C. § 1335, grants original jurisdiction to the district courts over interpleader actions while setting forth requirements for maintaining such an action. Interpleader is available where the money or property in question is worth $500 or more, there are two or more adverse claimants of diverse citizenship, and the plaintiff has deposited the money or property into the Registry of the Court. 28 U.S.C. § 1335(a). Complete diversity is not required as the claimants must be only minimally diverse. 7 Wright & Miller, Federal Practice & Procedure, § 1710 (3d ed. 2014). Such interpleader actions may be entertained even when the conflicting claims lack a common origin or are not identical, so long as they are adverse and independent of one another. 28 U.S.C. § 1335(b). Rule 22, which provides for interpleader as a procedural device, provides a remedy in addition to 28 U.S.C. §§ 1335, 1397, and 2361. See Fed. R. Civ. P. 22(b). Interpleader is also appropriate where the competing claims, though not mutually exclusive, are adverse because "a limited fund is involved that could not fully satisfy all the claims being asserted." 7 Wright & Miller, Federal Practice & Procedure, § 1705. In such cases, interpleader avoids multiple suits and protects individual claimants where "it is in the interest of each claimant to defeat or diminish the recovery of every other claimant." Id.

Our jurisdiction is clear in this matter. Small and Liberty Mutual properly sought interpleader through crossclaim or counterclaim under both the Federal Rules of Civil Procedure and the federal interpleader statute. The disputed fund in question is $300,000.00 -- well in excess of the jurisdictional threshold -- which Liberty Mutual paid into the Registry of the Court on December 23, 2014. There are twelve adverse claimants, at least two of whom are diverse. Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois, and Travelers are Connecticut corporations with their principal places of business in Hartford,

Connecticut. See Am. Interpleader Countercl. at ¶¶ 6-7, 15-16.  The insurance companies' claims are adverse and independent of one another. There is a limited pool of money from Small's insurance policy to cover the various subrogated claims from the tenants and owners of the condominium units damaged by the fire that originated in Small's unit, and each insurance company has an incentive to defeat or diminish every other insurance company's recovery.

The requirements for statutory interpleader have been met so our jurisdiction is unquestionable. Before we consider whether we may dismiss the stakeholder -- Liberty Mutual -- from this case while the other insurers contest their competing claims over the res amongst themselves, we address Small and Liberty Mutual's motion to strike a portion of Allstate's Answer and consider their motions for default judgment against Metropolitan Life and Safeco.

  **B.** **Small And Liberty Mutual's Motion**
    **To Strike Claims From Allstate's Answer**

Allstate filed its answer to the amended interpleader counterclaim on December 29, 2014. See Allstate Answer. On January 27, 2015, Small and Liberty Mutual filed a motion to strike Allstate's claims for interest, costs, and counsel fees and to preclude Allstate from collecting such money from the res. Motion to Strike at unnumbered page 2. Allstate opposes the motion to strike and argues that it was untimely filed, citing Fed. R. Civ. P. 12(f)(2). Allstate Resp. in Opp. at unnumbered page 4. Small and Liberty Mutual reply that the timing of the motion to strike does not matter since they could have raised the issue in a motion for judgment on the pleadings or summary judgment, and that it should be considered on its merits so Allstate does not offer any legal support for its claims for interest, costs, and attorney's fees. Small & Liberty Mutual Reply at unnumbered pages 2-3.

9

Fed. R. Civ. P. 12(f) provides that the Court may strike material from a pleading by acting on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Because we may act on our own, or upon a party's timely motion, we may consider an untimely motion to strike and grant it if doing so seems proper. Newborn Bros. Co., Inc. v. Albion Eng'g Co., 299 F.R.D. 90, 95 (D.N.J. 2014) (explaining that Rule 12(f)'s time limitations should not be applied strictly when the motion to strike seems to have merit). While we have considerable discretion in disposing of motions to strike, such motions are generally disfavored and will usually be denied unless the allegations (1) are entirely unrelated to the controversy, (2) may prejudice one of the parties, or (3) will confuse the issues in the case. Natale v. Winthrop Res. Corp., 2008 WL 2758238, *14 (E.D. Pa. July 9, 2008) (Buckwalter, J.).

Small and Liberty Mutual's motion to strike is untimely, and we may deny it on that basis alone. Allstate's claim is related to this controversy, does not prejudice any of the parties at this stage, and does not confuse the issues in the case, as the ultimate equitable distribution of the res is not being sought in this motion. We may also deny Small and Liberty Mutual's motion to strike on the merits.

In light of the above, we will deny Small and Liberty Mutual's motion to strike Allstate's claims for interest, costs, and counsel fees from Allstate's Answer.

### C.     Default Judgment Against Metropolitan Life and Safeco

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the Clerk enters default, if the claim is not for a sum certain as contemplated by Fed. R. Civ. P. 55(b)(1), then "the party must apply to the

court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also, e.g., Eastern Elec. Corp. of N. J. v. Shoemaker Constr. Co., 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009).

Whether to grant a default judgment "is left primarily to the discretion of the district court." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984); Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). A party "is not entitled to a default judgment as of right." Eastern Elec. Corp., 657 F. Supp. 2d at 551. Courts disfavor default judgment because it precludes deciding the case on its merits, id., but default judgment is appropriate if a defendant entirely fails to appear or otherwise defend. See, e.g., Fed. R. Civ. P. 55(b)(2); Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Once the Clerk enters default, the defaulting defendant is deemed to have admitted to every well-pled allegation in the complaint, except for those relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 Wright & Miller, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)) (internal quotations omitted); Breaking the Chain Found. v. Capitol Educ. Support, Inc., 589 F. Supp. 2d 25, 28 (D.D.C. 2008). Before granting default judgment, a court must ascertain whether the unchallenged facts constitute a legitimate cause of action since a defaulting party has not admitted to mere conclusions of law. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2009); see also Labarbera v. ASTC Labs. Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010).

Our Court of Appeals obliges us to consider three factors before entering a default judgment. They are whether (1) the plaintiff will be prejudiced if we deny default, (2) the defendant has a meritorious defense, and (3) the default was the product of the defendant's culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (hereinafter "the Chamberlain factors").

On December 11, 2014, Metropolitan Life and Safeco were issued summonses, along with the other insurance companies, pursuant to the amended interpleader counterclaim. Small filed Metropolitan Life's acceptance of service on January 15, 2015 indicating that Metropolitan Life had been served with the summons and complaint on December 29, 2014 -- making its answer due by January 20, 2015. See Acceptance of Service (docket entry #36). Small also filed an affidavit of service, along with Safeco's acceptance of service, on January 5, 2015 indicating that Safeco had been served with the summons and complaint on December 20, 2014 -- making its answer due by January 11, 2015. See Affidavit of Service (docket entry #29). As of those deadlines, neither Metropolitan Life nor Safeco had filed a responsive pleading, which remains true as of today. See March 26, 2015 Letter from Deputy Clerk to Richard J. Mennies. Small and Liberty Mutual requested that the Clerk of Court enter default against Metropolitan Life and Safeco on May 5, 2015. See Small Request for Default against Metropolitan Life Insurance Company & Small Request for Default against Safeco Insurance Company of America. The Clerk entered default later that day. Small and Liberty Mutual then filed requests for default judgment against Metropolitan Life and Safeco. See Small Request for Default Judgment against Metropolitan Life Insurance Company & Small Request for Default Judgment against Safeco Insurance Company of America.

We now weigh the Chamberlain factors as to both of the defaulting counterclaim defendants.

First, we consider whether Small and Liberty Mutual will be prejudiced if we deny their requests for default. Chamberlain, 210 F.3d at 164. Small and Liberty Mutual filed the interpleader counterclaim to avoid the vexation of multiple suits as to the distribution of the finite proceeds of Small's insurance policy with Liberty Mutual. Ten of the twelve served

insurance companies have responded and are ready for a collective adjudication of their equitable shares of the deposited res. Small and Liberty Mutual will be prejudiced if we deny default as they will be subject to litigation with ten insurers who have responded as to the proceeds of the res that they have already in good faith deposited in full into the Registry of the Court. This factor powerfully weighs in favor of granting default judgment.

Second, we consider whether Metropolitan Life and Safeco have a meritorious defense. Id. The amended interpleader counterclaim invites collective adjudication for all of the aggrieved insurers' claims. There do not seem to be any meritorious defenses in declining this invitation. This factor also weighs in favor of granting default judgment.

Third, we consider whether the default was the product of Metropolitan Life or Safeco's culpable conduct. Id. Culpable conduct is "conduct that is 'taken willfully or in bad faith.'" Id. A "party's culpable conduct can 'not be inferred from the default but must appear independently' from the default." Eastern Elec. Corp., 657 F. Supp. 2d at 551. As we have no independent evidence of culpable conduct regarding those two sophisticated parties, this factor is neutral to our evaluation of whether to grant default judgment.

As two of the three Chamberlain factors tip in favor of granting default judgment -- and one is neutral -- we will grant Small and Liberty Mutual's motions for default judgment as to Metropolitan Life and Safeco.

### D.     Dismissing Liberty Mutual From The Case

The very purpose of interpleader is to relieve an obligor from the vexation of multiple claims in connection with a liability admittedly owed. Francis I. du Pont & Co. v. Sheen, 324 F.2d 3, 4 (3d Cir. 1963). Using the equitable remedy of interpleader, a stakeholder may file suit, deposit a sum certain with the Court, and then withdraw from the proceedings, leaving the

competing claimants to litigate amongst themselves. Allstate Settlement Corp. v. United States, 2008 WL 2221897, *3 (E.D. Pa. May 28, 2008) (Buckwalter, J.); 7 Wright & Miller, Federal Practice & Procedure, § 1714. If an interpleader plaintiff pays the amount of its admitted liability into the Court's Registry, and after notice and opportunity to be heard the claimants to that res have been ordered to interplead, "the law normally regards the plaintiff as having discharged" its full responsibility. Francis I. du Pont & Co., 324 F.2d at 5. When interpleader is appropriate, a disinterested stakeholder is entitled to discharge and protection from further liability arising out of any claims to the funds at issue in the action. Wells Fargo Bank, N.A. v. ESM Fund I, LP, 785 F. Supp. 2d 188, 198 (S.D.N.Y. 2011) (citing cases for the proposition that discharge is warranted when interpleader is proper and the plaintiff acted in good faith); see also New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1963) (explaining that commencing an interpleader action in bad faith may preclude release of the filing stakeholder from liability). A party may not be dismissed if it maintains -- even after depositing funds into the Registry of the Court -- that it is not liable for the amount deposited. See Nationwide Mut. Ins. Co. v. Eckman, 555 F. Supp. 775, 777 (D. Del. 1983) (explaining that an insurance company was a disinterested stakeholder after stating on the record that it had no interest in the deposited funds, meaning it was not disputing liability); see also Bankers Trust Co. of W. N.Y. v. Crawford, 559 F. Supp. 1359, 1365 (W.D.N.Y. 1983) (refusing to discharge a bank from an interpleader action because the bank wished to reserve the right to contest awards of interest from the deposited funds).

Of the answering insurers, only Allstate asserts in this action beyond an equitable share of the res.[1]  See Allstate Answer at unnumbered page 9 ("[I]n partial satisfaction of its claims against Plaintiff Small, Allstate demands its equitable share of the res that was paid into the Registry of the Court by Plaintiffs herein, together with interest, costs incident to suit, counsel fees….further, Allstate demands that it not be restricted in any way from pursuing the balance of its full recovery against Plaintiff Small.").

Interpleader is not a "bill of peace" for "multiparty litigation arising out of a mass tort." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 535 (1967). Interpleader is meant to protect a stakeholder faced with multiple claims to a limited res and to protect claimants from the ensuing unfairness of "a race to judgment." Id. at 533.

Liberty Mutual's interest in this case -- as with the insurer in Tashire -- is confined to the $300,000.00 proceeds from Small's insurance policy with Liberty Mutual, and that interest is vindicated by confining claims to that res to this proceeding. Liberty Mutual asserts no remaining claim to the res deposited into the Registry of the Court. There is no evidence of unclean hands. Liberty Mutual availed itself of interpleader in good faith and upon Order of this Court. Relieving Liberty Mutual from liability as to the res and its equitable distribution accomplishes the goals of interpleader -- including the efficient administration of justice. Further,

---

[1] By contrast, Hartford Underwriters, Hartford Midwest, Travelers, and Erie all stipulated to strike their claims for costs and fees and seek sole relief in their equitable shares of the res. See Hartford Underwriters & Hartford Midwest Stipulation (Dec. 30, 2014); Travelers Stipulation (Dec. 30, 2014); Erie Stipulation (Jan. 22, 2015). In their answers to the amended interpleader counterclaim, CSAA, Amica, State Farm, Nationwide, and USAA made no demands other than their equitable shares of the res. See CSAA Answer at unnumbered pages 8-9; Amica Answer at unnumbered page 9; State Farm Answer at unnumbered pages 7-8; Nationwide Answer at unnumbered pages 6-7; USAA Answer at unnumbered pages 2-3. Metropolitan Life and Safeco defaulted by failing to respond to the amended interpleader counterclaim.

as Liberty Mutual avers, it will continue to defend Small in connection with the October 5, 2012 fire.

Allstate's claims for fees and costs out of the res do not change this analysis, as the res is and remains $300,000.00 regardless of the nature of the claims asserted against it. Allowing this interpleader action to proceed without Liberty Mutual does not harm Allstate or any other parties seeking relief beyond their equitable share of the deposited res. We will therefore dismiss Liberty Mutual from this action and enter a judgment accordingly.

## V.     Conclusion

As we have rehearsed, Small and Liberty Mutual's interpleader counterclaim meets the jurisdictional requirements for statutory interpleader pursuant to 28 U.S.C. § 1335. We will enter a Judgment requiring the insurers to litigate amongst themselves their rights to the deposited res. We will grant Small and Liberty Mutual's requests for entry of default judgment against Metropolitan Life and Safeco for failure to respond to the interpleader counterclaim, and we will deny Small and Liberty Mutual's motion to strike a portion of Allstate's answer to the interpleader counterclaim.

We will also enjoin the insurance companies under 28 U.S.C. § 2361 from commencing or continuing to prosecute any actions against Small and Liberty Mutual as to the proceeds of Small's insurance policy. Liberty Mutual, as Small's insurer, is a disinterested stakeholder and has deposited the proceeds of Small's insurance policy into the Registry of the Court as the res for this interpleader action. We will therefore dismiss Liberty Mutual as a party in this case and enter a Judgment accordingly.

We will also set a briefing schedule for the remaining insurance companies in order to resolve the equitable distribution of the res.

An appropriate Order follows.

BY THE COURT:

/S/ STEWART DALZELL, J.