IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEONARD SMALL | : | NO. 14-4690 |

ORDER

AND NOW, this 19th day of May, 2015, upon consideration of plaintiffs and counterclaim defendants The Travelers Home and Marine Insurance Company, The Phoenix Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, and Farmington Casualty Company's ( "Travelers") complaint against defendant and counterclaim plaintiff Leonard Small ("Small") (docket entry #1), plaintiff and counterclaim defendant Allstate Insurance Company's ("Allstate") complaint against Small (docket entry #1 in Case No. 13-cv-2806, consolidated into this case on August 14, 2014), plaintiffs and counterclaim defendants Hartford Underwriters Insurance Company and Hartford Insurance Company of the Midwest's ("Hartford Underwriters" and "Hartford Midwest") complaint against Small (docket entry #1 in Case No. 14-cv-5243, consolidated into this case on October 31, 2014), Small and counterclaim plaintiff Liberty Mutual Fire Insurance Company's ("Liberty Mutual") amended interpleader counterclaim against Allstate, Amica Mutual Insurance Company ("Amica"), CSAA Affinity Insurance Company ("CSAA"), Erie Insurance Exchange, ("Erie"), Travelers, Hartford Underwriters, Hartford Midwest, Metropolitan Life Insurance Company ("Metropolitan Life"), Nationwide Property and Casualty ("Nationwide"), Safeco Insurance Company of America ("Safeco"), State Farm Fire & Casualty Company ("State Farm"), and United Services Automobile Association ("USAA") (docket entry #22), the responses and answers thereto filed

by Travelers, Hartford Underwriters and Hartford Midwest, Allstate, CSAA, Erie, Amica, State Farm, Nationwide, and USAA, Small and Liberty Mutual's requests for default judgment against Metropolitan Life (docket entry #61) and Safeco (docket entry #62), their motion to strike (docket entry #39), Allstate's response in opposition thereto, and Small and Liberty Mutual's reply thereto, and for the reasons set forth in our Memorandum issued this day in this case, it is hereby ORDERED that:

  1. Travelers, Allstate, Hartford Underwriters, Hartford Midwest, Amica, CSAA, Erie, Nationwide, State Farm, USAA, Metropolitan Life, and Safeco are ENJOINED until further Order of this Court from commencing or continuing to prosecute any actions against Small and Liberty Mutual as to the proceeds of Small's insurance policy, identified as Policy Number H62-281-332467-402, in relation to the October 5, 2012 fire in Unit B308 at 1600 Church Road, Wyncote, Pennsylvania 19095, including the pending actions in the Montgomery County Court of Common Pleas identified as <u>Erie Insurance Exchange v. Small</u>, No. 2014-17672, <u>State Farm Fire & Casualty Company v. Small</u>, No. 2014-27272, <u>CSAA Affinity Insurance Company v. Small</u>, No. 2014-23513, <u>Amica Mutual Insurance Company v. Small</u>, No. 2014-26798, and <u>Nationwide Property and Casualty v. Small</u>, No. 2014-26223;

  2. Small and Liberty Mutual's request for default judgment against Metropolitan Life (docket entry #61) is GRANTED;

  3. Small and Liberty Mutual's request for default judgment against Safeco (docket entry #62) is GRANTED;

  4. Small and Liberty Mutual's motion to strike (docket entry #39) is DENIED;

      5.      Liberty Mutual is DISMISSED from this action and RELEASED from all liability, indemnity, and contribution to the counterclaim defendants for claims arising from the October 5, 2012 incident in Small's condominium in Wyncote, Pennsylvania;

      6.      Travelers, Allstate, Hartford Underwriters, Hartford Midwest, Amica, CSAA, Erie, Nationwide, State Farm, and USAA shall FILE motions for summary judgment regarding their entitlement to an equitable distribution of the <u>res</u> by noon on June 9, 2015[1];

      7.      Travelers, Allstate, Hartford Underwriters, Hartford Midwest, Amica, CSAA, Erie, Nationwide, State Farm, and USAA shall RESPOND to the other motions for summary judgment by noon on July 7, 2015; and

      8.      Further scheduling shall ABIDE the resolution of the parties' motions for summary judgment.

      BY THE COURT:

      _/s/ Stewart Dalzell, J._
      Stewart Dalzell, J.

---

[1] If a counterclaim defendant takes no issue with any or all of the other counterclaim defendants' motions for summary judgment, except to the extent that the parties are naturally adverse because of the limited nature of the <u>res</u>, they may file a short response to that effect. Each party shall file its response to the other motions for summary judgment in a single document. If the insurers desire to proceed with a mediation of their respective claims with Magistrate Judge Jacob P. Hart, they shall so ADVISE the Court by noon on May 29, 2015.